IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,** <br> 1000 Massachusetts Ave. NW <br> Washington, D.C. 20001 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. CUSTOMS AND BORDER PROTECTION,** <br> Office of Chief Counsel <br> 1300 Pennsylvania Avenue, Suite 4.4-B <br> Washington, D.C. 20229 <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** <br> Office of the General Counsel MS0485 <br> 2707 Martin Luther King Jr. Ave SE <br> Washington, D.C. 20528 <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff CATO INSTITUTE brings this suit to force Defendants U.S. CUSTOMS AND BORDER PROTECTION and U.S. DEPARTMENT OF HOMELAND SECURITY to comply with Plaintiff's FOIA request for information about the employment and discipline of CBP employees and information about detentions of aliens by CBP.  Defendants have failed to issue determinations or produce any records in response to Plaintiff's requests, which were submitted over two years ago.

## PARTIES

2. Plaintiff CATO INSTITUTE ("CATO") is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets,

and peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues. CATO is the FOIA requester in this case.

3. Defendant U.S. CUSTOMS AND BORDER PROTECTION ("CBP") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552. CBP is a component agency of U.S. DEPARTMENT OF HOMELAND AND SECURITY.

4. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## DECEMBER 17, 2019 FOIA REQUEST TO CBP

7. On December 17, 2019, Plaintiff submitted the following FOIA request to CBP for the information regarding every individual employee who was employed at any point by Customs and Border Protection from fiscal years 2003 to 2020:

1. Date of hire
2. Agency of employment (Border Patrol, Office of Field Operation, etc.)
3. Location of employment (Border Patrol sector/Field Office/etc.)
4. Current employment status (e.g., employed, not employed)
5. Date of separation
6. Reason for separation
7. Whether the employee was previously employed in law enforcement
8. Whether the employee was previously employed in the armed services
9. Termination for "disciplinary of performance issues" (Y/N)
10. Number of
    a. disciplinary cases opened
    b. unsubstantiated allegations
    c. required counseling
    d. written reprimands
    e. disciplinary suspensions (14 days or less)
    f. memoranda of instruction
    g. suspensions plus days in abeyance
    h. probationary terminations

      j. last chance agreements
      k. indefinite suspensions
      l. adverse suspensions
      m. "entire suspensions in abeyance"
      n. demotions
      o. written reprimand plus days in abeyance
      p. reassignments
      q. non-disciplinary settlements
      r. deaths prior to decision
      s. entire demotion and suspensions in abeyance

11. Number of disciplinary cases opened in
    a. 2003
    b. 2004
    c. 2005
    d. 2006
    e. 2007
    f. 2008
    g. 2009
    h. 2010
    i. 2011
    j. 2012
    k. 2013
    l. 2014
    m. 2015
    n. 2016
    o. 2017
    p. 2018
    q. 2019
    r. 2020

12. Prior to the employee's CBP employment, number of
    a. criminal arrests of the employee
    b. criminal convictions of the employee

13. During the employee's CBP employment, number of
    a. criminal arrests of the employee
    b. criminal convictions of the employee
    c. felony criminal arrests of the employee
    d. felony criminal convictions of the employee
    e. Drug/Alcohol-Related Misconduct arrests of the employee
    f. Domestic/Family Misconduct arrests of the employee
    g. Assault arrests of the employee
    h. Corruption arrests of the employee
    i. Impeding the Criminal Justice System arrests of the employee
    j. Property Crimes arrests of the employee
    k. Traffic/Driving Misconduct arrests of the employee
    l. Crimes Involving Children arrests of the employee
    m. Threatening Behavior arrests of the employee
    n. Weapons Violations arrests of the employee
    o. White Collar Crime arrests of the employee

      p. Sexual Misconduct Crime arrests of the employee
      q. Rape arrests of the employee
      r. violent crime arrests of the employee
      s. mission-related misconduct arrests of the employee
      t. homicide arrests of the employee
      u. Number of criminal arrests of the employee in
          i. 2003
          ii. 2004
          iii. 2005
          iv. 2006
          v. 2007
          vi. 2008
          vii. 2009
          viii. 2010
          ix. 2012
          x. 2013
          xi. 2014
          xii. 2015
          xiii. 2016
          xiv. 2017
          xv. 2018
          xvi. 2019
          xvii. 2020

14. Number of
    a. uses of force
    b. uses of firearms
    c. lethal uses of force
    d. allegations of excessive use of force
    e. allegations of civil rights abuses
15. Number of complaints (regardless of type)
16. Number of
    a. positive tests for drugs
    b. positive tests of marijuana

CBP publishes aggregate annual statistics containing much of the requested information but not individualized anonymized records. The linked report below, for instance, provides statistics on disciplinary cases, arrests, and uses of force. This report demonstrates that the agency does maintain these records in format amenable to aggregation and analysis https://www.cbp.gov/sites/default/files/assets/documents/2018-Oct/CBP-FY16-17-Public-Discipline-Report-508.pdf

This request doesn't require any personally identifying information about CBP employees.

This request may be [ful]filled by an excel spreadsheet where the rows are each CBP employee employed by the agency, and the columns are each of the items on the list above.

8. A true and correct copy of the FOIA request, along with subsequent communications, is attached as Exhibit 1.

9. On December 22, 2019, CBP acknowledged receipt of the request, assigned reference number CBP-2020-020423 to the matter, and stated the average time to process a FOIA request "related to 'travel/border incidents/ is a minimum of 3-6 months." *Id.*

10. CBP did not send any further correspondence to Plaintiff regarding this request.

11. On August 24, 2023, CATO sent a follow-up email requesting an estimated date of completion. CBP did not respond. *Id.*

12. According to the tracking page for this FOIA request, the estimated date of completion for this request was January 23, 2020. *Id.*

13. As of the date of this filing, CBP has not issued a determination and has not produced any records.

## APRIL 6, 2021 FOIA REQUEST TO CBP

14. On April 6, 2021, CATO submitted a FOIA request for the following records or documents "for each case of an individual arrested, apprehended, or encountered by Customs and Border Protection" who was:

1. a 'special interest alien';
2. known or suspected terrorist; or
3. identified to be on any terrorist watch list or no fly list from FY 2009 to FY 2022:
    - Arresting agency
    - Date and time of apprehension, arrest, or encounter
    - Date and time of release
    - Disposition of case (expedited removal, credible fear, etc)
    - Referred to prosecution to DOJ
    - Grounds for referring for prosecution
    - Sector or field office
    - Citizenship
    - Demographic
    - Juvenile or adult
    - Whether the alien has any criminal convictions
    - Whether the alien has a prior terrorism conviction

> - Whether the alien was a known or suspected terrorist
> - Whether the alien was a special interest alien
> - Whether the alien was on the FBI's Terrorist Watch List
> - Whether the alien was on the No Fly List
> - Whether the database match was a biometric or biographic match
>
> This press release states that Border Patrol has records related to aliens identified on terrorist watch lists and can make locations, ages, times, nationalities, and types of databases public. https://web.archive.org/web/20210405205825/https://www.cbp.gov/newsroom/local-media-release/two-yemeni-men-arrested-border-patrol-identified-fbi-s-terrorism-0
>
> This press release gives statistics on this phenomenon and states that "we stop on average 10 individuals on the terrorist watchlist per day from traveling to or entering the United States—and more than 3,700 in Fiscal Year 2017…DHS encountered more than 3,000 "special interest aliens." https://www.dhs.gov/news/2019/01/07/mythfact-known-and-suspected-terroristsspecial-interest-aliens
>
> CBP maintains data on arrests of criminal aliens by type of offense: https://www.cbp.gov/newsroom/stats/cbp-enforcement-statistics/criminal-noncitizen-statistics

15. A true and correct copy of the FOIA request, along with subsequent communications, is attached as Exhibit 2.

16. On April 7, 2021, CBP acknowledged receipt of the request and assigned reference number CBP-2021-050123 to the matter. CBP also stated it "may encounter some delay in processing" the request. *Id.*

17. On June 7, 2023, CBP changed the reference number for the FOIA request to CBP-OC-2021-050123. *Id.*

18. On August 25, 2023, CATO followed up asking for an estimated date of completion for this request. *Id.*

19. On August 28, 2023, CBP stated the FOIA request "is currently in process, and we do not have a status update or timeline as of this email." CBP also made vague reference to its regulation on search burden and reasonable descriptions but did not assert that regulation as a basis

to deny or delay processing the request.  Upon information and belief, this language was included as boilerplate unrelated to the content of Plaintiff's request.

20. As of the date of this filing, CBP has not issued a determination and has not produced any records.

### COUNT I – DECEMBER 17, 2019 FOIA REQUEST
### DEFENDANTS' FOIA VIOLATION

21. The above paragraphs are incorporated by reference.

22. CATO INSTITUTE's FOIA request seeks the disclosure of agency records and was properly made.

23. Defendants are federal agencies subject to FOIA.

24. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

25. Defendants have failed to conduct a reasonable search for records responsive to the request.

26. Defendants have failed to issue a complete determination within the statutory deadline.

27. Defendants have failed to produce all non-exempt records responsive to the request.

### COUNT II – APRIL 6, 2021 FOIA REQUEST
### DEFENDANTS' FOIA VIOLATION

28. The above paragraphs are incorporated by reference.

29. CATO INSTITUTE's FOIA request seeks the disclosure of agency records and was properly made.

30. Defendants are federal agencies subject to FOIA.

31. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

32. Defendants have failed to conduct a reasonable search for records responsive to the request.

33. Defendants have failed to issue a complete determination within the statutory deadline.

34. Defendants have failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, CATO INSTITUTE asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: October 6, 2023

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com